■ In the Matter of SONNY HALL, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated October 19, 1988, the petitioner appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), entered June 21, 1989, which dismissed the proceeding and confirmed the award.

Ordered that the judgment is affirmed, with costs.

Following a minor vehicular accident involving a Transit Authority employee, the employer New York City Transit Authority directed the employee to submit to blood alcohol testing (hereinafter BAT) pursuant to Transit Authority policy. That policy, expressed in an appendix to the collective bargaining agreement entered into by the employer and the labor organization representing the employee, states in pertinent part as follows:

"5.1 Employees of the Authority shall submit to blood alcohol testing in the following circumstances:

"5.1.1. When directed by members of supervision or management following any unusual incident that occurs while on duty * * *.

"5.2 Refusal to take such test(s) shall be deemed an admission of being unfit for duty and subject the employee to immediate suspension from duty and may be deemed grounds for dismissal".

The employee refused to submit to the test, claiming that under the circumstances, the testing was not required and would violate his constitutional rights. Arbitration was held pursuant to the collective bargaining agreement, and the

arbitration board issued a determination suspending the employee for 30 days after finding that he was obligated to submit to the BAT. The award was confirmed by the Supreme Court in a CPLR article 75 proceeding.

The petitioner contends on this appeal that under the circumstances of this case, the arbitration board improperly concluded that the accident constituted an "unusual incident" and that the employee was required to submit to the BAT. We disagree.

Initially, we note that our review of the matter is extremely limited. "An arbitrator 'may do justice as he sees it, applying his own sense of law and equity to the facts as he finds them to be' " *(Matter of Town of Haverstraw [Rockland County Patrolmen's Benevolent Assn.],* 65 NY2d 677, 678, quoting from *Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308). Indeed, "as long as arbitrators act within their jurisdiction, their awards will not be set aside because they have erred in judgment either upon the facts or the law" *(Matter of Goldfinger v Lisker,* 68 NY2d 225, 230).

In the present case, there is no evidence that the arbitration board engaged in misconduct, acted in excess of its jurisdiction, or violated any public policy in rendering its award. Moreover, the arbitration board's finding that the vehicular accident constituted an "unusual incident" within the meaning of the parties' collective bargaining agreement is entirely rational and justified its conclusion that the employee was required to submit to the testing procedure *(see generally, Matter of Barretto v City of New York,* 157 AD2d 116). Additionally, with regard to the petitioner's constitutional claim, we note that the accident constituted a triggering event which rendered the testing procedure reasonable under the circumstances *(see, Skinner v Railway Labor Executives' Assn.,* 489 US 602; *Matter of Barretto v City of New York, supra; cf., Fiorenza v Gunn,* 140 AD2d 295, 299). Accordingly, the Supreme Court properly dismissed the proceeding and confirmed the arbitration award. Lawrence, J. P., Kooper, Sullivan and Rosenblatt, JJ., concur.